**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOAN BAO VU,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>INTERNAL REVENUE SERVICE, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 15-cv-02397-BAS(WVG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART UNITED STATES' MOTION TO DISMISS**<br><br>**[ECF NO. 7]** |

　　　　On October 23, 2015, Plaintiff Hoan Bao Vu—who is proceeding *pro se* and *in forma pauperis*—commenced this tax refund action seeking to appeal the Internal Revenue Service ("IRS")'s "decision regarding [her] 2007 tax refund in the amount of $888.00." (Complaint ("Compl.") 1:26–28, ECF No. 1.) The United States, on behalf of Defendants, moves to dismiss Ms. Vu's action under Federal Rule of Civil Procedure 12(b)(5) on the grounds that Ms. Vu failed to properly serve Defendants. (Motion to Dismiss ("Mot.") 2:4–10, ECF No. 7-1.) In the alternative, the United States requests the Court dismiss the individual Defendants who are IRS employees and name the United States as the sole defendant in this action. (*Id.* 2:11–15.)

Ms. Vu has not filed an opposition to the United States' motion. The Court nevertheless addresses the merits of the motion and does not deem Ms. Vu's failure to respond as consent to the granting of the motion. *See* Civ. L.R. 7.l(f)(3)(c). The Court also finds this motion suitable for decision on the papers submitted and without oral argument. *See id.* 7.1(d)(1). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the United States' Motion to Dismiss.

I.    BACKGROUND

Ms. Vu alleges that on February 29, 2008, she electronically filed her 2007 tax return with the Volunteer Income Tax Assistance ("VITA") at Marine Corps Base Camp Pendleton located in San Diego County, California. (Compl. 2:3–4.) She claims she received both a receipt and a letter from VITA as proof that her 2007 tax return was filed. (*Id.* 2:5–7; *see also* ECF No. 1-2 at 5.)

When Ms. Vu contacted the IRS by phone to discuss her tax return, however, the IRS "agent was unable to open [her] file because of a computer glitch." (Compl. 2:9–10.) Ms. Vu contends she eventually refiled her 2007 tax return in 2011 in an effort to obtain her 2007 tax refund. (*Id.* 2:12–13.) Yet, when she submitted a refund claim to the IRS, a notice was issued by R. Glen Coles—the Field Director of the IRS in Fresno, California—denying her refund claim on the basis that her 2007 return was submitted more than three years after the date it was due. (*Id.* 2:12–20; *see also* ECF No. 1-2 at 20–24.) Ms. Vu appealed her refund claim to the Appeals Office of the IRS, but Appeals Officer Jackie Ruiz denied Ms. Vu's appeal on April 28, 2014. (ECF No. 1-2 at 13.)

"After contacting the clerk of Tax Court and Representative Darrell E. Issa as a last resort," Ms. Vu was advised to file her case with the U.S. District Court. (Compl. 2:27–28.) On October 23, 2015, Ms. Vu commenced this action and named Mr. Coles, Ms. Ruiz, and the IRS as Defendants at the address of the IRS Appeals Office in Fresno. (*Id.* 1:17–22.)

On December 28, 2015, Ms. Vu filed three proofs of service demonstrating that she personally sent the summons for this matter by certified mail to each of the three Defendants at the address of the IRS Appeals Office listed in her Complaint. (ECF Nos. 4–6.) On February 29, 2016, the United States moved to dismiss this action for insufficient service of process or, alternatively, to dismiss Ms. Ruiz and Mr. Coles and substitute the United States as the only defendant in this action. (Mot. 1:4–15.)

## II.   DISCUSSION

### A.   Service of Process

#### 1.   Effecting Service of Process

The Court first addresses the United States' challenge to service of process on Defendants because "service of process is the means by which a court asserts its jurisdiction" over a defendant. *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). Service of process is a "formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988). The "core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996).

The manner and timing of serving process are generally "matters of 'procedure' controlled by the Federal Rules." *Henderson*, 517 U.S. at 654. Specifically, Rule 4(c) of the Federal Rules of Civil Procedure provides the plaintiff is responsible for effecting service of process by serving the summons for the action and a copy of the complaint within the time period allowed by Rule 4(m). The summons and complaint may be served by anyone "who is at least 18 years old and not a party" to the action. Fed. R. Civ. P. 4(c)(2).

//

Rule 4 also prescribes the manner in which individuals, corporations, the United States, and other parties must be served with a copy of the summons and the complaint. Fed. R. Civ. P. 4(e)–(j). If a party seeks to serve the United States, the party must accomplish all of the following. First, the party must deliver a copy of the summons and the complaint to the "United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk." *Id.* 4(i)(1)(A)(i). Alternatively, the party may "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." *Id.* 4(i)(1)(A)(ii). Second, the party must also deliver a copy of the summons and the complaint "by registered or certified mail to the Attorney General of the United States at Washington, D.C." *Id.* 4(i)(1)(B). Third, if the party is challenging "an order of a nonparty agency or officer of the United States," the party must also send a copy of the complaint "by registered or certified mail to the agency or officer." *Id.* 4(i)(1)(C).

If a party seeks to serve "a United States agency or corporation, or a United States officer or employee sued only in an official capacity," the party must serve the United States in the manner described above "and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).

Rule 4 addresses the timing for service of process as well. Fed. R. Civ. P. 4(m). If a defendant is not served within the time period provided in Rule 4(m), the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*

**2.   Challenging Service of Process**

Under Federal Rule of Civil Procedure 12(b)(5), a defendant may challenge any departure from the proper procedure for serving the summons and complaint as "insufficient service of process." Once service of process is challenged, the plaintiff

bears the burden of establishing that service was valid under Federal Rule of Civil Procedure 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.2004) (citing *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir.1986)).

If the plaintiff is unable to satisfy this burden, the court has the discretion to either dismiss the action or retain the action and quash the service of process. *E.g.*, *SHJ v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir.2006) (citing *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976)); *see also Umbenhauer v. Woog*, 969 F.2d 25, 30–31 (3d Cir.1992). If effective service can be made and there has been no prejudice to the defendant, the court will generally quash service rather than dismiss the action. *See, e.g.*, *Umbenhauer*, 969 F.2d at 30–31. This outcome is particularly likely when the plaintiff is proceeding *pro se* because the Ninth Circuit has recognized that there is "a duty to ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir1990) (citing *Borzeka v. Heckler*, 739 F.2d 444, 447 n.2 (9th Cir.1984) (noting that defective service of complaint by a *pro se* litigant does not warrant dismissal)).

### 3.     Sufficiency of Service of Process on Defendants

In this case, the United States argues Ms. Vu did not properly serve any of Defendants. (Mot. 5:3–8:9.) The Defendants named by Ms. Vu in her Complaint consist of a United States agency and two individuals—Ms. Ruiz and Mr. Coles. Given the substance of Ms. Vu's Complaint and its attachments, as well as the fact that Ms. Vu listed Ms. Ruiz and Mr. Coles as being located at the IRS Appeals Office in Fresno, California, (Compl. 1:17–22), the Court construes Ms. Vu's Complaint as suing these individuals in their official capacity as IRS employees. Thus, Ms. Vu had to comply with Federal Rule of Civil Procedure 4(i)(2)'s requirements discussed above to accomplish service on a United States agency and two United States

employees.

The record reveals Ms. Vu did not satisfy these requirements. There is no evidence that she attempted to serve the United States, which was required for serving the IRS—a United States agency—and Ms. Ruiz and Mr. Coles—United States employees sued in their official capacity. *See* Fed. R. Civ. P. 4(i)(2). Ms. Vu's attempted service was also ineffective because Ms. Vu personally sent the summons by certified mail to each Defendant. (*See* ECF Nos. 4–6.) The Federal Rules of Civil Procedure require someone other than Ms. Vu to serve Defendants because she is a party to this action. *See* Fed. R. Civ. P. 4(c)(2). Ms. Vu therefore did not properly serve any of Defendants.

Having concluded that service of process on Defendants was insufficient here, the Court in its discretion may either dismiss the action or retain the action and quash the service of process attempted by Ms. Vu. *See SHJ*, 470 F.3d at 1293. The Court in exercising its discretion declines to dismiss this action for three reasons. First, there is no indication that Ms. Vu cannot effect proper service if given another opportunity to do so. Second, the United States does not claim, nor does there appear to be, any prejudice to the United States or Defendants caused by Ms. Vu's failure to properly serve Defendants. Third, because Ms. Vu is proceeding *pro se*, dismissing her action for insufficient service of process at this time would likely be inappropriate. *See Borzeka*, 739 F.2d at 447 n.2. Accordingly, the Court quashes Ms. Vu's attempted service on Defendants but **DENIES** the United States' request to dismiss this action for insufficient service of process.

Although the time period for Ms. Vu to accomplish service has expired, the Court also exercises its discretion to expand the period for service under Rule 4(m) of the Federal Rules of Civil Procedure. *See Efaw v. Williams*, 473 F.3d 1038 (9th Cir. 2007) (citing *Henderson*, 517 U.S. at 663) (noting Rule 4(m) provides the court with discretion to enlarge the time period for service even if the plaintiff does not show good cause for doing so). However, prior to ordering Ms. Vu to reattempt

service in a specified time period, the Court first addresses the United States' alternative argument regarding the proper party defendant to Ms. Vu's tax refund action.

### B. Proper Party Defendant

In the event the Court does not dismiss this action for insufficient service of process, the United States requests the Court dismiss Ms. Ruiz and Mr. Coles on the basis that the United States is the only proper defendant to Ms. Vu's tax refund action. (Mot. 2:11–15.) The district courts, concurrent with the U.S. Court of Federal Claims, have original jurisdiction over tax refund actions. 28 U.S.C. § 1346(a). In a tax refund suit, "the United States by statute is the only proper party." *White v. I.R.S.*, 790 F. Supp. 1017, 1020 (D. Nev. 1990); *see also* 26 U.S.C. § 7422(f)(1) ("A suit or proceeding [for a tax refund] may be maintained only against the United States and not against any officer or employee of the United States[.]") Moreover, a "suit against the IRS or its officers or employees in their official capacity is essentially a suit against the United States" and is barred by sovereign immunity "absent statutory consent." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949); *accord, e.g.*, *White*, 790 F.Supp. at 1020 (holding IRS is generally not subject to suit).

Here, Ms. Vu's action is seeking a tax refund, and she has named the IRS and two IRS employees as defendants. Her refund action against the IRS and these employees is "essentially a suit against the United States," however, and is barred by sovereign immunity "absent statutory consent." *See Gilbert*, 756 F.2d at 1458. Although the United States has waived its sovereign immunity for tax refund actions such as this case, it has done so subject to a series of conditions. *See* 26 U.S.C. § 7422. One of these conditions is that a tax refund suit "may be maintained only against the United States." *Id.* § 7422(f)(1). Thus, the IRS, Mr. Coles, and Ms. Ruiz are not proper parties to this action, and the United States is the only proper party defendant.

Accordingly, the Court **GRANTS** the United States' request to dismiss Ms. Ruiz and Mr. Coles and substitute the United States as the sole defendant in this action.

## III. CONCLUSION

In sum, Ms. Vu failed to properly serve Defendants, but dismissing her action on this basis is not warranted. Moreover, although the Court declines to dismiss this action for insufficient service of process, it recognizes that the United States is the only proper defendant in this matter moving forward. Consequently, the Court **DISMISSES WITH PREJUDICE** Defendants R. Glen Coles and Jackie Ruiz and **SUBSTITUTES** the United States in place of the IRS as the sole defendant in this action.

Because Ms. Vu's attempted service on Defendants did not include service on the United States, Ms. Vu must still properly serve the United States for this action to continue. The Court will provide her with additional time to complete this requirement. Ms. Vu will have until **May 31, 2016**, to serve the United States with the summons and her Complaint in accordance with the requirements of Rule 4(i) of the Federal Rules of Civil Procedure outlined by the Court above. Ms. Vu will have to arrange for someone other than herself who is at least eighteen years old to serve the United States. She will then need to file a proof of service with the Court demonstrating the United States was served.

Ms. Vu is warned that if she does not properly serve the United States by that date, the Court will issue an Order to Show Cause why the Court should not dismiss this case under Rule 4(m) of the Federal Rules of Civil Procedure

In light of the foregoing, the United States' Motion to Dismiss (ECF No. 7) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

**DATED:** April 18, 2016

Hon. Cynthia Bashant
United States District Judge

– 8 –

15cv2397